IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS D. McQUEEN, #177303, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 18-0109-TFM-MU |
| WETTERMARK KEITH, *et al.*, | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Amended Complaint. (Doc. 15).**

Plaintiff's Amended Complaint is a Court-ordered amended complaint, which he was ordered to file so his claims would be on the Court's § 1983 complaint form. (Doc. 12). The claims contained on the § 1983 complaint form are lodged against Defendant Wettermark Keith, personal injury lawyers.[1] (Doc. 15). The Court notes these claims are a departure from his claims against parole officials at Life Tech Transition Center, which are contained in his original Complaint, for unlawfully being charged, arrested, and detained without any evidence because his urine was not sent off to be tested.

---

[1] https://www.wkfirm.com (last visited Aug. 15, 2019).

(Docs. 1, 3). However, the law provides that an amended complaint will replace a complaint causing the complaint's claims to be abandoned. *Dresdner Bank AG v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006).[2]

In filing the Amended Complaint, Plaintiff indicates his desire to pursue claims against the personal injury law firm of Wettermark Keith for not fulfilling its promises and dropping his case. According to Plaintiff, on March 27, 2018, he along with family members were leaving Life Tech Transition Center in Thomasville, Alabama, headed to Ford Family Dentistry in Birmingham, Alabama, when they were hit by an eighteen-wheel truck on the highway. (Doc. 15 at 4). Plaintiff was treated at St. Vincent Hospital in Birmingham, Alabama, for lumbosacral strain and a head injury. (*Id.*). Defendant

---

[2] The original Complaint contains claims against parole officials which arose on November 27, 2017 from events surrounding a possible parole violation. (Doc. 1 at 4-5). On the other hand, the claims in the Amended Complaint arose near March 27, 2018 when the Defendant law firm dropped Plaintiff's case for his injuries from a vehicular accident. (Doc. 15 at 4).

Rule 20(a)(2) of the Federal Rules of Civil Procedure permits a plaintiff to bring claims in one action that arise out of the "same transaction, occurrence, or series of transactions or occurrences." (*Id.*). The same operative facts must serve as the basis for all plaintiff's claims. *Bollea v. Clem,* 937 F. Supp.2d 1344, 1350 (M.D. Fla. 2013) (quoting *Montgomery Ward Dev. Corp. v. Juster,* 932 F.2d 1378, 1381 (11th Cir. 1991)).

Because the claims in Plaintiff's original Complaint arise from a different set of facts than the facts in the Amended Complaint, Plaintiff is only able to proceed on one of the set facts in this action. Thus, if Plaintiff wants to pursue his claims against parole officials, he must file another lawsuit. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in a different suit, not only to prevent the sort of morass [that a multiple claim and multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).").

Furthermore, the statute of limitations for a § 1983 action filed in Alabama is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992). Because Plaintiff's claims in his original Complaint arose on November 27, 2017, he still is able to file a § 1983 action before the two-year period for the statute of limitations expires this November. The Clerk is **DIRECTED** to send Plaintiff the Court's forms for a § 1983 complaint and for a motion to proceed without prepayment of fees for his use in the event that he elects to proceed on his other claims.

Wettermark Keith took his case but then dropped it.  (*Id.*).  They promised further medical treatment and a further investigation.  (*Id.*).  Plaintiff did not receive either, leaving him in pain and without a court date.  (*Id.*).  Moreover, he has not been seen by Defendant Wettermark Keith.  (*Id.*).  For relief, Plaintiff seeks $12 million for the rules of "big truck accidents" not being followed and for the pain and suffering for being dropped without a court appearance and for not being treated by a doctor.  (*Id.* at 7).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Amended Complaint (Doc. 15) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*[3]

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[3] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

Plaintiff brings his claims against Defendant Wettermark Keith under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a *person acting under color of state law*; and (2) . . . this conduct deprived a person of rights, privileges, or immunities

4

secured by the Constitution or laws of the United States." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (emphasis added), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). An attorney who represents a criminal defendant, whether court-appointed or retained, does not act under color of state law. *Polk Cty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender); *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir.) (retained counsel),[4] *overruled on other grounds by Sparks v. Duval Cty. Ranch Co.*, 604 F.2d 976 (5th Cir. 1979). Moreover, Plaintiff does not allege that Defendant Wettermark Keith acted under color of state law, nor is this law firm known to the Court to act under color of state law or to be a state actor. Inasmuch as Defendant Wettermark Keith does not act under color of state law, the claims against it are frivolous as they lack a basis in law. *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831-32.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See White v. Parkman, Adams, White*, No. 1:08-CV-0010-MEF-TFM, 2008 WL 280841, *1-2 (M.D. Ala. 2008) (claims against law firm dismissed with prejudice as frivolous); *Jones v. Maples and Lomax*, P.A., No. Civ.A. 05-0541-CG-C, 2006 WL 1794659, at *3 (S.D. Ala. 2006) (same).

---

[4]  The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 16th day of August, 2019.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
